IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDRE LEON GREAVES,

        Petitioner,

v.                                      1:16-cv-3090-WSD

JEFFREY MANN,

        Respondent.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [6] ("R&R"). The R&R recommends the Court dismiss Petitioner Andre Leon Graves's ("Petitioner") amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [4] ("Section 2241 Petition").

**I.    BACKGROUND**[1]

On August 22, 2016, Petitioner, a pre-trial detainee at the DeKalb County Jail in Decatur, Georgia, submitted his *pro se* habeas petition [1]. Petitioner referred to several phrases such as "contract law," "commercial charges," "legal

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

corporate name," and argued that Georgia does not have jurisdiction over his criminal proceedings. ([1], [2]). On September 8, 2016, the Magistrate Judge issued an order [3] in which he noted that Petitioner recently had raised a similar argument in a previous case purported to fall under this Court's diversity jurisdiction, see Greaves v. Hunter, No. 1:15-CV-4365-WSD, which was dismissed for lack of subject matter jurisdiction. ([3]). The Magistrate Judge also noted that the Court would not construe Petitioner's diversity action as a habeas corpus petition because Petitioner had not demonstrated that he had exhausted his state court remedies. (Id. at 2, n.2); see also Greaves, No. 1:15-CV-4365-WSD at Docket No. 2. Finally, the undersigned noted that the petition contained nonsensical and frivolous allegations associated with sovereign citizen ideology that is not recognized by the courts, but, due to the confusing nature of those allegations, the Magistrate Judge allowed Petitioner the opportunity to amend the petition, with specific instructions to state facts demonstrating why he claims his detention is unconstitutional without reference to sovereign citizen theory. ([3] at 2-3).

On October 11, 2016, Petitioner filed his amended petition, essentially claiming that the criminal charges against him are not valid, and that Georgia does not have subject matter jurisdiction over him in the criminal proceedings against

him.  ([4]).  Petitioner seeks dismissal of the charges against him and to be released from custody.  (Id.).

On November 17, 2016, the Magistrate Judge issued his R&R.  The Magistrate Judge found that the Court is prohibited from intervening in Petitioner's state court criminal proceedings under the doctrine of abstention articulated by the United States Supreme Court in Younger v. Harris, 401 U.S. 37 (1971).  Petitioner did not file any objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.     Analysis

The Magistrate Judge found that the Court is prohibited from intervening in Petitioner's state court criminal proceedings under the doctrine of abstention articulated by the United States Supreme Court in Younger v. Harris, 401 U.S. 37 (1971).  The Younger abstention doctrine requires a federal court in certain circumstances to abstain from interfering with ongoing state court proceedings.  31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).  Under Younger, "abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges."  Turner v. Broward Sheriff's Office, 542 F. App'x 764, 766 (11th Cir. 2013) (per curiam).  The Magistrate Judge found that the Younger abstention doctrine prohibits the Court from addressing Petitioner's claims, and that there are no extraordinary circumstances that might justify intervention here.  Accordingly, the Magistrate Judge recommends the Court dismiss Petitioner's Section 2241 Petition.  The Court finds no plain error in these findings and recommendation, and Petitioner's Section 2241 Petition is dismissed.  See Slay, 714 F.2d at 1095.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Section 2241 Petition [4] is **DISMISSED**.

**SO ORDERED** this 7th day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE